IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA DAWSON                                                                                         PLAINTIFF

    v.                                          Civil No. 2:22-cv-02024-MEF

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Joshua Dawson ("Dawson"), *pro se*, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying his claims for a period of disability and disability insurance benefits ("DIB"), and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  42 U.S.C. § 405(g).

### I.      Procedural Background

Dawson filed his applications for DIB and SSI benefits on June 12, 2022, alleging disability beginning June 1, 2020, due to post-traumatic stress disorder (PTSD), traumatic brain injury (TBI), gout, spinal fusion, permanent nerve damage in both arms, daily migraines, sleep apnea, insomnia, and problems standing, sitting, and walking.  (ECF No. 10, pp. 20-31, 280).  Dawson was 35 years old on the alleged disability onset date, has at least a high school education, and is unable to perform any past relevant work.  (*Id*., p. 29).  His applications were denied initially and on reconsideration.  (*Id*., pp. 20, 133-140, 143-146).  At Dawson's request, an Administrative Law Judge ("ALJ"), the Hon. Edward M. Starr, held an administrative hearing on July 20, 2021, via

telephone due to the extraordinary circumstance presented by the COVID-19 pandemic. (*Id.*, pp. 20, 37-52). Dawson was present and represented by counsel.

On October 5, 2021, the ALJ concluded that Dawson's ankle bursitis, sleep apnea, and other and unspecified arthropathies were severe, but he concluded these impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (ECF No. 10, pp. 23-25). He found Dawson capable of performing sedentary work as defined in 20 CFR §§ 404.1567(a) and 416.967(a), except that Dawson can only occasionally climb, balance, stoop, kneel, crouch and crawl. (*Id.*, p. 25).

With the assistance of a vocational expert ("VE"), the ALJ concluded that Dawson could perform work as a document preparer (DOT 249-4587-018), of which there are 33,000 jobs in the national economy; addresser (DOT 209.587-010), of which there are 25,000 jobs in the national economy; and order clerk (DOT 209-4567-014), of which there are 19,000 jobs in the national economy. (ECF No. 10, p. 30). Dawson was found not to be under a disability from his alleged onset date through the date of the ALJ's decision. (*Id.*, pp. 30-31).

The Appeals Council denied Dawson's request for review on December 23, 2021. (ECF No. 10, pp. 6-11). Dawson then filed his Complaint to initiate this action on January 21, 2022. (ECF No. 2). This matter is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs (ECF Nos. 13, 15, 16), and the case is ready for decision.

## II.   Relevant Evidence

The Court has conducted a thorough review of the entire record in this case. Because Dawson's appeal primarily concerns whether a finding of 100% disability by the U.S. Department

of Veterans Affairs, based on a diagnosis of PTSD, also prevents him from a limited range of sedentary work, the Court will only recount the evidence relevant to that claim.

The medical evidence in this case consists primarily of treatment for physical conditions, including left knee pain, insomnia, degenerative cervical spinal stenosis, cervicalgia, plantar fasciitis of the right foot, right ankle pain, diverticulitis, and chronic thoracic back pain. (ECF No. 10, pp. 26, 577-643). Radiology reports showed multi-level degenerative changes of the thoracic spine but no acute cardiopulmonary abnormality in February 2020, and no acute osseous abnormalities in the ankle in June 2020. (ECF No. 10, pp. 359-60). Dawson underwent sleep testing after complaints of insomnia that interfered with daily activities and, in January 2020, treatment providers diagnosed him with sleep apnea and prescribed a C-PAP machine. (*Id.*, pp. 411-412, 507-508).

Dawson was treated for right ankle pain in June 2020, reporting to his treatment provider that the pain had worsened such that he had to quit his job as a mail handler. (ECF No. 10, p. 387). His history of surgery for cervical cord compression was noted along with his complaints of low back pain after mowing the yard. (*Id.*). Dawson also reported occasional left-side knee pain. (*Id.*). Imaging studies of the right ankle in November 2020 showed mild Achilles paratenonitis with mild retrocalcaneal bursitis, trace volume posterior subtalar joint effusion, mild thickening of the spring ligament, and a suspected metallic foreign body within the subcutaneous soft tissues overlying the posterior medial aspect of the hindfoot. (*Id.*, pp. 584-585)

Dawson continued treatment for foot and ankle pain in January 2021. (ECF No. 10, p. 577). On examination, the treatment provider noted some tenderness laterally at Dawson's ankle, though he was able to perform heel rise with appropriate hindfoot inversion and arch reconstitution. (*Id.*). Imaging results at this time showed only mild arthritic changes at the great

toe metatarsophalangeal joint, and Dawson was referred to physical therapy for at least six weeks. (*Id*.).

As to mental health treatment, the record shows a diagnosis of PTSD, along with other conditions, which the VA found resulted in 100% service-connected disability in February 2021. (ECF No. 10, p. 588). There are no additional records of mental health treatment.

The record also contains opinion evidence from examining and non-examining physicians. State agency physician, Brett Alberty, M.D., found Dawson capable of light work in July 2020. (ECF No. 10, pp. 95-96, 103-104). State agency psychologist, Christal Janssen, Psy.D., found no evidence of a severe mental impairment in July 2020. (*Id.*, pp. 94-95, 102-103). Upon reconsideration in August 2020, state agency physician, Jay Ranking, M.D., found no new medical evidence or allegations and affirmed the previous finding of no severe mental impairments. (*Id*., pp. 114-115, 123-124). The RFC rating of light work was also affirmed given the lack of any additional evidence upon reconsideration in August 2020. (*Id*., pp. 116-117, 125-126). Subramaniam Krishnamurthi, M.D., completed a physical medical source statement in August 2021, finding Dawson capable of performing the equivalent of medium exertional work. (*Id*., pp. 645-655).

In his statements to the agency, Dawson alleged disability based upon PTSD, TBI, gout, spinal fusion, permanent nerve damage in both arms, daily migraines, sleep apnea, insomnia, issues with standing, sitting, and walking, and sleep problems. (ECF No. 10, p. 280). He reported constant muscular and nerve pain in his knees, arms, neck, feet, upper back, and abdomen. (*Id*., pp. 288-289). He stated that he could not stand, walk, or sit for any length of time before pain occurred. While being active worsened pain, medication, including ibuprofen, trazodone, and diphenhydramine, helped his pain slightly. (*Id*.).

Dawson also complained of problems focusing due to pain and sleep issues despite trying to complete normal daily tasks. (ECF No. 10, pp. 290-297). He reportedly did not shower or change his clothes until the smell bothered him, did not eat on some days as he did not want to move around, and kept a jug next to his bed for urine to avoid getting up to use the bathroom. (*Id*.). He stated that he only made microwavable food and did not otherwise cook. (*Id*.). He reportedly cleaned his house daily and mowed the lawn, sometimes taking several days to complete. He could go out independently, drive a car, and shop in stores every two weeks for about an hour at a time. (*Id*.). His hobbies were watching television and playing video games. He reported problems trusting other people such that he avoided being around others and believed everyone was plotting against him. (*Id*.). He described a situation in which he was arrested at work when his co-workers reported that he had threatened to shoot people. Despite this, he stated that he handled stress well and followed written and spoken instructions well. He socialized on the phone and emailed or texted daily. While he used a brace if he had to be on his feet for long periods, he noted that it was not prescribed to him. (*Id*.).

### III.   Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because

the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider a claimant's age, education, and work experience in the light of his residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982) (en banc) (abrogated on other grounds); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV.  Discussion

Dawson appears to raise one issue on appeal: whether the Appeals Council properly considered Plaintiff's post-decision submissions. After thoroughly reviewing the record, the Court finds that the Appeals Council properly considered Dawson's post-decision submissions and, as such, substantial evidence supports the ALJ's decision in this case.

Dawson contends that the Appeals Council failed to properly consider his post-hearing submission of evidence when it denied his request for review of the ALJ's decision. (ECF No. 13). The thrust of Dawson's argument rests in evidence he submitted post-decision showing an April 2020 U.S. Department of Veterans Affairs finding of 100% disability based, in part, upon his diagnosis of PTSD. (*Id*.). Dawson argues that because the diagnosis occurred during the relevant period, and because the VA backdated the diagnosis to December 2010, the Appeals Council erred in finding that the inclusion of this evidence was unlikely to change the outcome of the ALJ's decision. (*Id*.).

Under the regulations, the Appeals Council must evaluate the entire record, including any new and material evidence submitted to it after the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the hearing decision. *Id*. It will then review the case if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Id*. We do not review the Appeals Council's decision to deny review, rather we determine if the record as a whole, including evidence that is new and material, supports the ALJ's determination. *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000).

Dawson relies heavily on the VA's documentation and finding regarding his PTSD diagnosis and subsequent disability rating under the standards of the VA. While the Court

acknowledges these findings, the Court notes that the findings of other agencies are not dispositive in determining disability under the standards of the Social Security Administration. "Other governmental agencies and nongovernmental entities – such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers – make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules." 20 C.F.R. §§ 404.1504, 416.904. "Because a decision by any other governmental agency … about whether you are disabled … is based on its rules, it is not binding on us and is not our decision about whether you are disabled … under our rules." *Id*. Therefore, a determination by the VA that a claimant is disabled is not binding on the ALJ. Although not binding, a "VA finding [is] important enough to deserve explicit attention" and must be considered by the ALJ. *DuBois v. Barnhart*, No. 04-2519, 2005 WL 1389067, at *2 (8th Cir. June 14, 2005) (citing *Morrison v. Apfel,* 146 F.3d 625, 628 (8th Cir. 1998)).

  Here, the ALJ considered Dawson's relatively mild objective medical findings, effectiveness of conservative treatment, relatively independent daily activities, as well as the VA findings regarding Plaintiff's service-connected disability under the VA standards. Dawson maintains that his VA disability rating only reached 100% when he received a diagnosis of PTSD. (ECF No. 13, pp. 2-3). He claims the ALJ failed to consider his PTSD diagnosis and, subsequently, the Appeals Council failed to consider it upon his request for review of the ALJ's decision. A review of the decision and record in this case, however, demonstrates that the ALJ was aware of the VA findings regarding Dawson's service-connected disability rating, including his PTSD diagnosis.

In his decision, the ALJ acknowledged Dawson's disability rating from the VA and explicitly noted that "claimant had a 100% service-connected disability rating with the VA." (ECF No. 10, pp. 26, 28). The record before the ALJ included the VA's breakdown of Dawson's conditions and disability percentages, including the PTSD diagnosis that brought his rating up to 100%. (*Id.*, p. 588). The post-decision submissions simply restate what was already in the record available to the ALJ at the time of his decision. Because the ALJ clearly considered Dawson's PTSD diagnosis and its related VA findings at the time of the decision, Dawson's argument that additional evidence regarding these same findings would have resulted in a different outcome clearly fails.

The record, according to the ALJ's analysis, does not show limitation due to mental health issues regardless of the existence of a PTSD diagnosis. Dawson's statements to the agency focus on physical limitations rather than mental ones. While he mentioned some issues with mental health, his daily activities did not indicate that those issues limited his ability to complete tasks independently within the parameters of the ALJ's RFC finding. The record shows that he socialized daily via phone and email and shopped for groceries in stores every two weeks for an hour. While Dawson seems incredulous that a finding of complete disability from the VA could not also result in a finding of disability from the SSA, the law is clear that decisions of other agencies are not determinative in decisions regarding disability under the SSA. Given the lack of mental health treatment, generally independent daily living, lack of opinion evidence showing mental health limitations, and Dawson's own statements regarding his basis for disability as primarily physical, we find that substantial evidence supports the ALJ's finding in this case.

## V.  Conclusion

Based upon the foregoing analysis and discussion, the Court finds that substantial evidence supports the ALJ's decision denying DIB and SSI benefits in this case. The ALJ's Decision should be, and it hereby is, AFFIRMED. Plaintiff's Complaint is, therefore, DISMISSED WITH PREJUDICE.

DATED this 31st day of March 2023.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE